UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leo McClam, ) | C/A No. 3:07-3749-TLW-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | REPORT |
| ) | AND |
| ) | RECOMMENDATION |
| Ms. Sharrie NLN; ) | |
| Mr. Favor NLN; ) | |
| Mr. NFN Favor, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case is before the Court because of Plaintiff's failure to comply with the undersigned's Order of November 26, 2007 (Order) (Docket Entry # 6), and because of Plaintiff's failure to prosecute this case in a timely manner. This case was filed *pro se* on November 15, 2007, by Plaintiff, who is a patient of the South Carolina Department of Mental Health involuntarily committed to treatment as a Sexually Violent Predator. Following initial review, the Order was issued directing Plaintiff to submit certain documents required to bring this case into proper form for consideration of whether service of process should be authorized. Specifically, Plaintiff was ordered to complete the "Statement of Claim" and the "Relief" portions of the complaint form as well as sign the complaint. The document originally submitted for filing was incomplete and unsigned. Additionally, Plaintiff was ordered to provide completed necessary service documents (summonses and Forms USM-285) for possible service of process on the defendants after evaluation of the completed, signed complaint.

In the Order, Plaintiff was specifically informed: "**If Plaintiff does not bring this case into proper form within the time permitted under this Order, this case could be dismissed for failure to prosecute.**" (Docket Entry # 6.) The Order was mailed to Plaintiff on November 27, 2007, and the deadline set for Plaintiff's compliance was December 19, 2007. The mail in which the Order was sent

was not returned undelivered, thus it is presumed that Plaintiff received his copy of the Order. However, the deadline for compliance has lapsed, with no response from Plaintiff. Plaintiff has failed to provide a completed, signed complaint form sufficient for evaluation for possible service of process. Plaintiff also failed to provide the necessary service documents (summonses and Forms USM-285). Applying the four-factor test of *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) to the circumstances of this case, the unexplained failure to Plaintiff to respond to the Court's Order in this case indicates an intent on Plaintiff's part not to prosecute this case.

Plaintiff also was ordered to complete, sign and return an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240). However, at his initial filing, Plaintiff did submit a Statement of Assets, a form previously used in this District by prisoner filers requesting to proceed with their case without prepayment of the filing fee. This Court construes the Statement of Assets form to be a Motion to Proceed Without Prepayment of Fees (*in forma pauperis*) (Docket Entry # 2). However, the Motion to Proceed Without Prepayment of Fees should be denied because the complaint in its current form is factually and legally deficient. Plaintiff, after being warned of possible dismissal, has taken no action to correct this, and therefore, this is the presentation of a frivolous action. *See Graham v. Riddle*, 554 F. 2d 133, (4th Cir. 1977) ("included within the district court's discretion is the authority to deny cost-free filing when a petition is frivolous").

RECOMMENDATION

Accordingly, it is recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees be denied and this case be dismissed *without prejudice* due to Plaintiff's failure to comply with this Court's Order and failure to prosecute this case. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Plaintiff fails to comply with "any order of the court.")

                                                                             s/Joseph R. McCrorey
                                                                            United States Magistrate Judge

January 10, 2008
Columbia, South Carolina

        *Plaintiff's attention is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).